IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00851-BNB

VINCENT E. LOGGINS,

Plaintiff,

v.

STEVEN AKMAN, Chaplain,
HOWARD FISHER, M.D.,
MATTHEW HERNANDEZ, Coordinator,
JAMES MARSHALL, Team Leader,
DOUGLAS SMITH, Team Leader,
DR. ELISA (BALL) BALLARD,
LINDA DOTSON, FCBS Lead Nurse, and
DEPARTMENT(S) OF HEALTH & HUMAN SERVICES,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Vincent E. Loggins, is a patient at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Loggins has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the Prisoner Complaint liberally because Mr. Loggins is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Loggins will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint is deficient because it is not clear what specific claims for relief Mr. Loggins is asserting and it is not clear how the named Defendants are connected to the

claims Mr. Loggins is asserting. As a result, the court finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).* Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Loggins fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Instead, Mr. Loggins alleges in conclusory fashion in his first two claims for relief that he was denied a clergy visit in January 2010 and that he was ordered to consume lethal medication. Mr. Loggins does not allege specific facts in support of these conclusory claims and he does not identify which Defendant or

Defendants allegedly are responsible for the denial of a clergy visit and ordering him to consume lethal medication. In his third claim for relief, Mr. Loggins refers to a sexual assault and the court assumes Mr. Loggins is alleging that he was the victim of a sexual assault, but he fails to allege when the sexual assault occurred or who he is suing in connection with the alleged sexual assault. The grievances Mr. Loggins has attached to the complaint also do not assist the court in ascertaining what specific claims Mr. Loggins is asserting against which Defendants.

For these reasons, Mr. Loggins will be ordered to file an amended complaint if he wishes to pursue his claims in this action. If Mr. Loggins fails to file an amended complaint that includes a clear and concise statement of his claims with the necessary factual detail as described in this order, the action will be dismissed. Mr. Loggins is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, the Court notes that Mr. Loggins has filed a number of motions in this action that, although not entirely clear, appear to relate to the substantive claims and relief he is seeking in this action. Therefore, the pending motions will be denied and

Mr. Loggins should include in the amended complaint all of the claims he wishes to raise in this action as well as all of the relief he is seeking with respect to those claims. Accordingly, it is

ORDERED that Mr. Loggins file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Loggins, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Loggins fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the pending motions filed by Mr. Loggins on April 15, 2010, and May 6, 2010, are denied.

DATED May 20, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00851-BNB

Vincent E. Loggins
Prisoner No. 81868
CMHIP
1600 West 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/20/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk