IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00851-BNB

VINCENT E. LOGGINS,

      Plaintiff,

v.

STEVEN AKMAN, Chaplain,
HOWARD FISHER, M.D.,
MATTHEW HERNANDEZ, Coordinator,
JAMES MARSHALL, Team Leader,
DR. ELISA (BALL) BALLARD,
DOUGLAS SMITH, Team Leader,
LINDA DOTSON, FCBS Lead Nurse, and
DEPARTMENT(S) OF HEALTH & HUMAN SERVICES,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Vincent E. Loggins, is a patient at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Loggins initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On May 20, 2010, the court ordered Mr. Loggins to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 3, 2010, Mr. Loggins filed an amended Prisoner Complaint. On June 8, 2010, Mr. Loggins filed a document titled "Order Directing Plaintiff to File Amended Complaint" (Doc. #21) that also responds to the court's May 20 order and provides further factual allegations to support his claims.

    The court must construe the amended Prisoner Complaint and other papers filed by Mr. Loggins liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Loggins will be ordered to file a second amended complaint.

The amended Prisoner Complaint filed on June 3, 2010, remains deficient and does not comply with the pleading requirements of Rule 8. Mr. Loggins is reminded that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The court specifically finds that the amended Prisoner Complaint does not comply with these pleading requirements because Mr. Loggins still fails to "explain what

2

each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended Prisoner Complaint does not include any claims against a number of the Defendants listed in the caption of that pleading. Furthermore, the claims that are raised in the amended Prisoner Complaint are vague and conclusory and lack supporting factual detail.

Mr. Loggins does provide additional factual details in his June 8 response to the court's order directing him to file an amended complaint. However, the June 8 response is not an amended complaint and, to avoid any possible confusion, the Court will require Mr. Loggins to file one comprehensive pleading that includes all of his claims in this action.

Therefore, Mr. Loggins will be given one final opportunity to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order and in the court's May 20 order. Mr. Loggins is reminded that the general rule that ***pro se*** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). If Mr. Loggins fails to file a comprehensive second amended complaint that includes a clear and concise statement of each of his claims in accordance with the Federal Rules of Civil Procedure, the action will be dismissed.

Finally, Mr. Loggins has filed a number of motions that are confusing and difficult to understand. (***See*** Docs. #17-19, 23.) Those motions will be denied because it is not

clear what relief Mr. Loggins is seeking.  Accordingly, it is

ORDERED that Mr. Loggins file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Loggins, together with a copy of this order, two copies of the following form: Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Loggins fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the pending motions (Docs. #17-19, 23) are denied.

DATED at Denver, Colorado, this 22nd day of June, 2010.

BY THE COURT:

_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00851-BNB

Vincent E. Loggins
Prisoner No. 81868
CMHIP
1600 West 24th Street
Pueblo, CO 81003

   I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk