IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00851-BNB

VINCENT E. LOGGINS,

Plaintiff,

v.

STEVEN AIKMAN, Chaplain, and
HOWARD FISHER, MD,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Vincent E. Loggins, is a patient at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP). Mr. Loggins initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On May 20, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Loggins to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 3, 2010, Mr. Loggins filed an amended Prisoner Complaint and on June 8, 2010, he filed another document in response to Magistrate Judge Boland's May 20 order that provided further factual allegations in support of his claims. On June 22, 2010, Magistrate Judge Craig B. Shaffer entered an order directing Mr. Loggins to file a second amended complaint because the amended complaint still failed to comply with the pleading requirements of Rule 8. Magistrate Judge Shaffer noted in his June 22 order that, although Mr. Loggins provided additional factual allegations in his June 8 response, the June 8 response was not an amended complaint and, to avoid any

possible confusion, Mr. Loggins must file one comprehensive pleading that includes all of his claims and allegations. On July 8, 2010, Mr. Loggins filed a second amended Prisoner Complaint.

The Court must construe the second amended complaint liberally because Mr. Loggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Loggins raises two claims for relief in the second amended complaint. He first claims that Defendant Steven Aikman, who is described as a chaplain and the director of spiritual care at CMHIP, denied a clergy visit by instructing another clergy member not to visit Mr. Loggins. Mr. Loggins requests $1.5 million in damages for the psychological harm he suffered as a result of being denied a clergy visit.

Mr. Loggins' second claim is asserted against Defendant Howard Fisher, M.D., who is described as a psychiatrist at CMHIP. Mr. Loggins alleges that Dr. Fisher ordered an emergency regiment of a medication he refers to as Zaprexa, which may be a reference to the prescription medication Zyprexa, despite knowing that Mr. Loggins suffers from diabetes. Mr. Loggins also alleges that taking the medication is the reason he has had diabetes for more than four years, that his blood levels have been in the low range since being ordered to take the medication, and that he is more susceptible to

catching colds because of his blood disorder. Mr. Loggins requests $3 million in damages in connection with his second claim.

In addition to his requests for damages, Mr. Loggins also asks to be released unconditionally from, or transferred out of, CMHIP. It is not clear how the request to be released from or transferred out of CMHIP relates to either of the claims raised in the second amended complaint.

In his May 20 order directing Mr. Loggins to file an amended complaint, Magistrate Judge Boland set forth the pleading standards required pursuant to Rule 8 and he explained to Mr. Loggins how his original complaint failed to comply with those standards. Magistrate Judge Boland specifically advised Mr. Loggins that, in order to state a claim in federal court, he must explain "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Loggins that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Magistrate Judge Shaffer's June 22 order directing Mr. Loggins to file a second amended complaint also discussed the pleading standards of Rule 8 and reiterated the requirements set forth in *Nasious* and *Garrett*. Mr. Loggins was warned in both orders that the action would be dismissed if he failed to file a pleading that includes a clear and

concise statement of his claims in accordance with the Federal Rules of Civil Procedure.

Despite these explicit directions, the second amended complaint filed by Mr. Loggins still fails to comply with the pleading requirements of Rule 8.  Mr. Loggins' vague and conclusory allegations that he was denied a clergy visit and that he was ordered to take a particular medication despite having diabetes are not a short and plain statement of his claims showing that he is entitled to relief.  With respect to his first claim, Mr. Loggins makes only a bare allegation that he was denied a clergy visit without explaining any of the circumstances surrounding the denial of his clergy visit. He does not allege how he was harmed or even what specific legal right allegedly was violated by the denial of a clergy visit.  Mr. Loggins also fails to provide any context for his second claim that relates to being prescribed a particular medication despite having diabetes.  Because he fails to explain why the medication in question was prescribed, it is not clear if Mr. Loggins believes he should not have been prescribed any medication or whether he is challenging the particular medication prescribed.  It also is not clear what Mr. Loggins means when he alleges his blood levels are in the low range.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  The Court finds that the second amended complaint filed by Mr. Loggins still fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason.  Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this  6th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00851-BNB

Vincent E. Loggins
Prisoner No. 81868
CMHIP
1600 West 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk